# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JEAN G. BROWN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 5:07-cv-00161-HL |
| MACON-BIBB COUNTY PLANNING & ZONING COMMISSION, | : |
| Defendant. | : |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 3) this case to the Superior Court of Bibb County, State of Georgia on the grounds that Defendant's Notice of Removal was not filed within thirty (30) days after the receipt of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b) (2000). For the reasons set forth below, Plaintiff's Motion to Remand is denied.

## I.     FACTS AND PROCEDURAL HISTORY

On March 16, 2007, Plaintiff filed her Complaint in the Superior Court of Bibb County alleging willful and unlawful sexual discrimination in violation of 29 U.S.C. § 206(d). Using certified mail, Plaintiff sent Defendant a copy of the Complaint along with a Request for Waiver of Service on March 17, 2007. Defendant received the Complaint along with the Request for Waiver of Service on March 20, 2007. Defendant granted Waiver of Service on April 15, 2007 and filed a Notice of Removal on April 26, 2007. In response,

Plaintiff made a Motion to Remand this matter to the Superior Court of Bibb County, State of Georgia on the grounds that Defendant failed to file its Notice of Removal in a timely manner.

II.     ANALYSIS

Service of process is the procedure by which a defendant officially becomes a party to an action. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S.Ct. 1322, 1327 (1999). To effectuate formal service of process, a plaintiff must file a complaint with the court and serve a copy of that complaint, along with a court summons, on a defendant. O.C.G.A. § 9-11-4(c) (2006). To ease the efforts and cost associated with formal service, a plaintiff may request that a defendant waive formal service. O.C.G.A § 9-11-4(d) (2006). If a defendant waives service, a summons is no longer required, and a plaintiff need only mail the defendant a copy of the complaint identifying the court in which the action has commenced. Id. In the absence of waiver of service or formal service of process, a court ordinarily may not exercise power over a party the complaint names as defendant. Murphy, 526 U.S. at 350, 119 S.Ct. at 1327.

Provided that federal jurisdiction is proper, a defendant brought into an action may remove that action to federal court. 28 U.S.C. § 1446(a) (2000). A defendant's notice of removal must be filed within thirty days after the receipt of the initial complaint "through service or otherwise." 28 U.S.C. § 1446(b) (2000). According to the Supreme Court, the federal removal statute implicitly requires that a summons be filed or served upon a defendant for a defendant's receipt of the initial complaint to trigger the thirty-day removal

period.[1]  Murphy, 526 U.S. at 354, 119 S.Ct. at 1328-29.  Without a summons, an initial complaint is considered naked and does not trigger a defendant's time to remove. See Id.

Here, Defendant received Plaintiff's Compliant and Request for Waiver of Service on March 20, 2007. After signing the Waiver of Service on April 15, 2007, Defendant removed this matter on April 26, 2007. Plaintiff argues that Defendant made an untimely Motion to Remove, because more than thirty days had passed since Defendant received Plaintiff's Complaint and Request for Waiver of Service. Plaintiff contends that timing removal by anything other than Defendant's receipt of the initial complaint would contradict the express language of the federal removal statute and result in undue delay.[2]

Contrary to Plaintiff's assertion, Defendant did not become an official party to the suit until the date Defendant signed the Waiver of Service. Before that date, Plaintiff had only sent Defendant a request to waive formal service. Unless Defendant granted Plaintiff's request and agreed to waive service, Plaintiff would have been required to formal serve Defendant. If, as Plaintiff suggests, Defendant's receipt of the Complaint apart from formal service was enough to trigger the time for removal, a request to waive formal service would function more like a mandate. The removal period would simply begin upon receipt of the

---

[1] The Supreme Court has recognized that the removal period is mainly triggered in four ways: (1) Simultaneous service of the summons with the complaint; (2) Service of the summons followed by service of the complaint; (3) Filing of the summons and complaint followed by service of the complaint; and (4) Filing of the complaint followed by the service of summons. Murphy, 526 U.S. at 354, 119 S.Ct. at 1328-29.

[2] While timing removal by the date a defendant signs a waiver of service could result in delay, the Court does not agree that a defendant would have complete control over the time for removing an action because requests for waiver of service must be returned within a reasonable amount of time. O.C.G.A. 9-11-4(d)(3)(F).

initial complaint, regardless of whether or not a defendant wished to waive formal service.

Because a request for waiver of service is only the potential replacement to a summons, Plaintiff essentially mailed Defendant a naked complaint on March 17, 2007. It was not until April 15, 2007, that Defendant figuratively dressed Plaintiff's naked complaint by agreeing to waive formal service and officially enter the case. Therefore, Defendant's receipt of the Complaint on March 20, 2007, could not have trigger the removal period.

## III. CONCLUSION

Based on the foregoing reasons, Defendant timely filed its Notice of Removal. Defendant's removal period did not began until Defendant signed the Request for Waiver of Service on April 15, 2007. Plaintiff's Motion to Remand is denied.

**SO ORDERED**, this the 30th day of July 2007.

          **/s/   Hugh Lawson**
          **HUGH LAWSON, Judge**

jji