IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEAN BROWN, : | |
|     Plaintiff, : | |
| v. : | Civil Action No. |
| : | 5:07-cv-161(HL) |
| MACON-BIBB COUNTY PLANNING : | |
| & ZONING COMMISSION, : | |
|     Defendant. : | |

# ORDER

This matter is before the Court on Defendant Macon-Bibb County Planning and Zoning Commission's Motion for Summary Judgment (Doc. 22). For the following reasons, the Court reserves ruling on the Motion and orders the parties to file supplemental briefs.

## I.  BACKGROUND

Plaintiff, Jean Brown, is the Zoning Director for the Macon-Bibb County Planning & Zoning Commission. From 2002 to the filing of this Complaint in April 2007, James Thomas, a male, served as the Commission's Planning Director.[1] In her Complaint, Brown asserts a single claim against the Commission for a violation of the Equal Pay

---

[1] Thomas served from 1999 to 2002 as Director of Urban Design and Short Range Planning. (Ryle Aff. ¶ 6.) In 2002, the Director of Urban Planning position was created, and Thomas was awarded that position. (Id.) Around the time this Complaint was filed, Thomas was promoted to the newly created position of Assistant Executive Director.

1

Act, 29 U.S.C. § 206(d).  Brown asserts that the Commission violated the Act by paying Thomas an annual salary that is approximately $15,000 more than it pays her as the Zoning Director.  This claim is premised on her allegation that "[t]he positions of Zoning Director and Planning Director are equal positions" that "require equal skill, effort, and responsibility and are performed under similar working conditions." (Compl. ¶¶ 12, 15.)  Defendant has moved for summary judgment on this claim.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party.  Id. at 254-55.  The Court may not, however, make credibility determinations or weigh the evidence.  Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). When the nonmoving party has the burden of proof at trial, the movant can discharge its initial burden in one of two ways: first, it may point out to the district court that there is an absence of evidence to support the nonmovant's case; or second, it may support its motion with affirmative evidence demonstrating that the nonmoving party cannot meet its burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Simply stating that the nonmoving party cannot meet its burden of proof at trial is not sufficient. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

If the moving party does not carry its initial burden, the motion for summary judgment must be denied. Fitzpatrick, 2 F.3d at 1116. If the moving party carries its initial burden, the burden shifts to the nonmovant to demonstrate the existence of a genuine issue of material fact. Id. On issues which the nonmovant bears the burden of proof at trial, the methods of rebuttal differ depending on the manner in which the movant discharged its initial burden. Id. If the movant put on affirmative evidence demonstrating the lack of a genuine issue of material fact, the nonmovant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Id. If the movant demonstrated an absence of evidence, the nonmovant may respond in one of two ways:

> First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Second, he or she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

Id. at 1116-17.

### B.     Defendant's Motion for Summary Judgment

Defendant contends that it is entitled to summary judgment on Plaintiff's Equal Pay Act claim. The Equal Pay Act, 29 U.S.C. § 206(d), prohibits sex discrimination in the payment of wages by requiring that employers pay men and women equal pay for equal work. To establish a prima facie case of an Equal Pay Act violation, a plaintiff must show that her "employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077-78 (11th Cir. 2003) (internal quotations and citations omitted). The jobs need not be identical, only substantially equal. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1533 (11th Cir. 1992). In determining at the prima facie stage whether two jobs require equal skill, the actual jobs are compared, not the individual employees who occupy those jobs. Id. Thus,

4

only the skills and qualifications actually needed to perform the jobs are considered. Id.; Mulhall v. Advance Sec., Inc., 19 F.3d 586, 592 (11th Cir. 1994). Likewise, at this stage, a comparator's prior experience is not relevant. Mulhall, 19 F.3d at 592. The controlling factor is "the actual duties that the respective employees are called upon to perform." Miranda, 975 F.2d at 1533. Job titles and descriptions are not controlling. Arrington v. Cobb County, 139 F.3d 865, 876 (11th Cir. 1998); Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1049 n.12 (5th Cir. 1973).[2] The focus is on the primary duties of the job, rather than duties that are merely incidental or insubstantial. Arrington, 139 F.3d at 876. "The standard for determining whether jobs are equal in terms of skill, effort, and responsibility is high." Waters v. Turner, Wood & Smith Ins. Agency, Inc., 874 F.2d 797, 799 (11th Cir. 1989).

If the employee establishes a prima facie case, the employer "may avoid liability by proving by a preponderance of the evidence that the pay differences are based on '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) ... any other factor other than sex.'" Steger, 318 F.3d at 1078 (quoting 29 U.S.C. § 206(d)(1)). Permissible factors other than sex include, for example, an individual's experience, training, or ability, as long as those factors are not used as a pretext for gender discrimination. Irby v. Bittick, 44 F.3d 949,

---

[2]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

955-56 (11th Cir. 1995). When an employer establishes that there are no genuine issues of material fact regarding the validity of its affirmative defense, the employer is entitled to summary judgment. See Mulhall, 19 F.3d at, 590-91.

To resolve Defendant's Motion, the Court must first determine the grounds on which Defendant moves for summary judgment. This should not be a difficult task; unfortunately, however, Defendant's confusing and rambling Brief renders this task more frustrating and complicated than it should be. The general basis for Defendant's Motion is clear: it contends that Plaintiff cannot establish a prima facie case, and even if she could, Defendant is entitled to judgment as a matter of law on its affirmative defenses. But the specific grounds for these general contentions are unclear. Rather than starting its argument at the logical starting point of whether Plaintiff can establish a prima facie case, Defendant begins with the following confusing sentence: "[t]he more than a preponderance of the uncontradicted facts show that the pay differences are based on sound principals [sic], including a seniority system and Mr. Thomas' education, knowledge and judgment, a pay scale or merit system that was established by the Commission without regard to male or female, undergirted by two studies by the Carl Vinson Institute of the University of Georgia which are attached to the Undisputed Facts and a system which measures earnings by quantity or quality of production; that is, that Plaintiff's position was mainly ministerial or administrative and that Mr. Thomas' position was an is discretionary, requiring a specialized educational degree to do this job with the authority as the head of Planning and the authority is

surrogate (before 2006) and regulatorily recognized assistant to the head of the Planning and Zoning Commission in 2006. All of these factors are factors other than sex." (Def.'s Br. 5.) As can be seen from this rambling sentence, Defendant starts its argument by asserting, without citation to the record, that it is entitled to summary judgment based on every affirmative defense available under the Equal Pay Act.

    Following this sentence, Defendant points to the portions of Vernon Ryle's[3] Affidavit where the educational background and on-job duties of Thomas and Plaintiff are discussed. Defendant does not point to any specific duties that either employee performs, nor does it state why some unspecified job duties render the two jobs unequal and thus entitle it to summary judgment. Defendant then makes the conclusory assertion that "Plaintiff has not established a prima facie case." (Def.'s Br. 6.) Defendant does not state why Plaintiff cannot establish a prima facie case, only that it cannot. It then launches into a discussion of Thomas's employment background at the Commission, starting in 1984 when he was a Senior Development Review Officer. Subsequently, Defendant discusses a variety of duties that Thomas performed as the Director of Urban Design and Short Range Planning, a position which he held from 1999 until 2002. Defendant then mentions Defendant's appointment as the Planning Director in 2002, asserts that in this position he supervised the planning component of the Commission, and cites to six paragraphs

---

[3]Ryle is the Executive Director of the Commission.

of Ryle's Affidavit that contain numerous factual allegations regarding the responsibilities and duties of the Planning Director. Defendant does not point to any specific duties or responsibilities of the position.

At last, at the bottom of page seven, Defendant actually discusses some of the duties that Thomas performed as the Planning Director.[4] Specifically, it states that since 1984, Thomas:

> has performed special duties and responsibilities for the Commission relating to review and approval of landscape plans, designing of parks and recreational areas, review of improvements of the downtown and central business districts, review of grading plans for major development and planned unit development, and review of architectural features for developments within a planned development district and design review districts.

(Br. 7-8.) Defendant then attempts to differentiate Thomas's duties from Plaintiff's by arguing that Plaintiff's duties are "administrative..., whereas Mr. Thomas' duties are discretionary requiring judgment and decision making." (Id. 8.) To support this

---

[4]Defendant discusses at the top of page 7 of its Brief various duties that Thomas performed as the Director of Urban Design and Short Range Planning. Plaintiff's Complaint alleges a violation of the Equal Pay Act based on the higher salary that the Planning Director received. Thomas's job duties in a previous position are not relevant to Plaintiff's claim. Moreover, it is not clear whether Defendant is relying on these identified duties to differentiate the two positions at issue. Simply listing some of the duties that Thomas performed in a previous position is insufficient to put Plaintiff or this Court on notice that these duties somehow provide a basis for finding that the Planning Director position is unequal to the Zoning Director position.

argument, Defendant cites to a Georgia case that discusses the difference between discretionary and ministerial functions in the context of official immunity.

After this discussion, Defendant attempts to preempt an argument that Plaintiff might raise, contending that the mere fact that both Thomas and Plaintiff supervise employees does not render the two jobs equal because Thomas's staff is a "professional" staff and Plaintiff's essentially consists of clerical employees. (Br. 9.) At the bottom of the page, Defendant cites two unreported Eleventh Circuit decisions and, without explanation, asserts that the cited cases "both uphold the position of Defendant." (Id.)

Defendant concludes its argument section with six numbered paragraphs that attempt to articulate its position. The first deals with Defendant's affirmative defense as it discusses the Commission's salary schedule. The second paragraph, which deals with Plaintiff's prima facie case, states only that "Plaintiff's position as Zoning Director does not carry the responsibility, educational background, discretion and wide range of needed abilities does that of the Planning Director, and Assistant Executive Director, Mr. Thomas." (Id. 10.) In the third and fourth paragraphs, Defendant makes what essentially appear to be jury arguments as the arguments presented in those paragraphs have no relevance to the merits of Defendant's Motion. (Id.) Fifth, it asserts that Thomas has served as the Deputy Director of the Commission in the absence of Vernon Ryle; however, it does not state how often Thomas has been called upon to assume these extra duties. (Id.) Last, Defendant asserts that "[t]he job

description and duties of the Planning Director are substantially more involved and discretionary requiring judgment and education and knowledge than are those of the Zoning Director; i.e., Plaintiff's job." (Id.) In concluding its Brief, Defendant states that "the latest two cases of the Eleventh Circuit, Lampkin, supra and Slattery, supra, and the recent Court of Appeals case Smith v. McDowell, No. A08A0645, 2008 WL 2736674 (Ga. App.), 08 FCDR 2580 (July 15, 2008) uphold Motion for Summary Judgment of Defendant."

The lack of clarity in Defendant's Brief appears to result in part from its confusion on the applicable burdens at the summary judgment stage. Because in an Equal Pay Act case the order of proof at trial requires a Plaintiff to first prove a prima facie case, Defendant appears to be under the mistaken belief that this order of proof applies at the summary judgment stage as well. This might explain Defendant's conclusory assertion that "Plaintiff has not established a prima facie case." (Br. 6.) In making this assertion, Defendant attempts to foist upon Plaintiff the burden of coming forward with evidence that establishes the existence of every essential element of its claim. At least initially, Plaintiff, as the nonmovant, bears no burden at all.

In its Response Brief, Plaintiff first contends that Defendant's Motion should be denied on the basis that the Defendant has not stated with sufficient clarity the grounds for its Motion. Plaintiff next asserts that it can only discern two arguments from Defendant's confusing Brief: (1) that the two jobs are unequal because Thomas's

job duties are discretionary, requiring judgment and creativity, while Plaintiff's are administrative and clerical in nature; and (2) that Thomas's and Plaintiff's salaries were set in accordance with the Commission's pay scale, which constitutes a seniority or merit system.[5]  Thus, in its Response Brief, Plaintiff only addresses these two arguments and contends that there are genuine issues of material fact on these two issues.

Defendant's Brief, however, also seems to raise an argument that Plaintiff did not address.  In its Brief, Defendant lists some of the duties that Thomas performed as Planning Director.  Though it is not entirely clear, Defendant seems to contend that these duties, which Plaintiff does not perform as the Zoning Director, render the two positions unequal under the Act.  Plaintiff failed to address this argument, but her failure to do so does not appear to be an intentional attempt to avoid the issue.  Instead, it appears to the Court that Plaintiff attempted in good faith to discern all the arguments that Defendant presented and to address each one.  Based on the poor quality of Defendant's Brief, Plaintiff's mistake is understandable.  Nevertheless, the

---

[5]Plaintiff also attempts to oppose summary judgment by arguing that she was paid less than her predecessor in the Zoning Director position when she was initially promoted to the position in 1999.  Plaintiff's Complaint, however, does not assert a claim based on the higher pay received by her predecessor.  The only claim in her Complaint is that Defendant violated the Equal Pay Act by paying the Planning Director a higher salary than it pays her as the Zoning Director.  Because this claim was not raised in her Complaint, the Court will not consider it when ruling on Defendant's Motion.  See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).  A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

Court must determine how to handle this unaddressed argument. On one hand, It would be unfair to Plaintiff for the Court to consider this argument without allowing her an adequate opportunity to respond. On the other hand, it would be unfair to Defendant for the Court to rule on its Motion without considering an argument it has presented, however inarticulate it may be, just because Plaintiff did not address it. Out of fairness to the parties involved, the Court finds that the most appropriate course of action is to order supplemental briefing on Defendant's argument that the two positions are unequal based on the different duties and responsibilities of the Zoning Director and Planning Director.

Therefore, it is hereby ordered that within ten (10) days of the entry of this Order, Defendant shall file a five (5) page supplemental brief that <u>clearly</u> articulates its argument that Thomas's duties and responsibilities as the Planning Director were unequal to Plaintiff's as the Zoning Director. This argument shall be supported with citations to the record. Defendant shall only discuss the duties and responsibilities of Thomas as the <u>Planning Director</u>. Thomas's duties and responsibilities in a position he occupied prior to becoming Planning Director or after leaving that position are not relevant. Plaintiff shall have ten (10) days from the filing of Defendant's supplement brief to file her supplemental response, which shall not exceed five (5) pages. Defendant shall not file a supplemental reply, and the Court will not entertain a motion for leave to file one.

**SO ORDERED**, this the 4th day of May, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc