**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JEAN BROWN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **5:07-cv-161(HL)** |
| **MACON-BIBB COUNTY PLANNING** : | |
| **& ZONING COMMISSION,** : | |
| : | |
| **Defendant.** : | |
| : | |

# ORDER

This matter is before the Court on Defendant Macon-Bibb County Planning and Zoning Commission's Motion for Summary Judgment (Doc. 22). For the following reasons, the Motion is granted.

**I.    BACKGROUND**

Plaintiff Jean Brown, a female, is the Zoning Director for the Macon-Bibb County Planning & Zoning Commission. James Thomas, a male, served as the Commission's Planning Director from 2002 to around the time Plaintiff filed her Complaint in this case.[1] In her Complaint, Plaintiff asserts a single claim against the Commission for

---

[1] Thomas served from 1999 to 2002 as Director of Urban Design and Short Range Planning. (Ryle Aff. ¶ 6.) In 2002, the Director of Urban Planning position was created, and Thomas was awarded that position. (Id.) Around the time this Complaint was filed, Thomas was promoted to the newly created position of Assistant Executive Director. Defendant mistakenly cites to some of Thomas's new duties in the Assistant Executive Director position. Those duties are irrelevant because the two positions being compared are the Planning Director and Zoning

1

a violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). She asserts that the Commission violated the EPA by paying Thomas an annual salary that is approximately $15,000 more than it pays her as the Zoning Director. This claim is premised on her allegation that "[t]he positions of Zoning Director and Planning Director are equal positions" that "require equal skill, effort, and responsibility and are performed under similar working conditions."[2] (Compl. ¶¶ 12, 15.)

On September 9, 2008, Defendant filed the Motion for Summary Judgment that is presently before the Court. In its Motion, Defendant contends that it is entitled to summary judgment because Plaintiff cannot establish a prima facie case for a violation of the EPA. Specifically, Defendant contends that Thomas and Plaintiff performed different job duties, and the two positions they occupied required different skills. In the alternative, Defendant argues that it is entitled to summary judgment because there are no genuine issues of material fact regarding the validity of its

---

Director.

[2]One of Plaintiff's arguments in opposing summary judgment is that she can establish a prima facie case of an EPA violation because she was paid less than her predecessor in the Zoning Director position when she was initially promoted to that position in 1999. Plaintiff's Complaint, however, does not assert a claim based on the higher pay received by her predecessor. The only claim in her Complaint is that Defendant violated the EPA by paying the Planning Director a higher salary than it pays her as the Zoning Director. See Mulhall v. Advance Sec., Inc., 19 F.3d 586, 592 (11th Cir. 1994) ("In Equal Pay Act cases, we compare the jobs, not the individual employees holding those jobs." (emphasis added)). Because Plaintiff's claim regarding the higher pay of her predecessor was not raised in her Complaint, the Court will not consider it when ruling on Defendant's Motion. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

affirmative defenses.

Upon review of Defendant's Brief in Support, this Court recognized that some of Defendant's arguments were confusing and difficult to understand. In particular, it was unclear which of Thomas's job responsibilities and duties Defendant relied on in arguing that his position was unequal to Plaintiff's. As a result, on May 4, 2009, the Court entered an Order (Doc. 47) that directed Defendant to file a supplemental brief that "<u>clearly</u> articulates its argument that Thomas's duties and responsibilities as the Planning Director were unequal to Plaintiff's as the Zoning Director." (Doc. 47 at 12.) On May 14, 2009, Defendant complied with the Court's Order and filed a Supplemental Memorandum in Support (Doc. 48) that lists numerous job tasks Thomas performed which it contends Plaintiff did not perform. On June 1, 2009, Plaintiff filed her Supplemental Response (Doc. 49).

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together

with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The party moving for summary judgment always bears the initial burden of informing the district court of the basis for its motion and identifying those portions of the record which it contends demonstrate the absence of a genuine issue of material fact. United States v. Four Parcels of Real Property in Green and Tuscaloosa Counties, 941 F.2d 1428, 1437-38 (11th Cir. 1991). When the nonmoving party has the burden of proof at trial, the movant can discharge its initial burden in one of two ways: first, it may point out to the district court that there is an absence of evidence to support the nonmovant's case; or second, it may support its motion with affirmative evidence demonstrating that the nonmoving party cannot meet its burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Simply stating that the nonmoving party cannot meet its burden of proof at trial is not sufficient. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

If the moving party does not carry its initial burden, the motion for summary judgment must be denied. Fitzpatrick, 2 F.3d at 1116. If the moving party carries its initial burden, then the burden shifts to the nonmovant to demonstrate the existence of a genuine issue of material fact. Id. On issues which the nonmovant bears the burden of proof at trial, the methods of rebuttal differ depending on the manner in

which the movant discharged its initial burden. Id. If the movant put on affirmative evidence demonstrating the lack of a genuine issue of material fact, the nonmovant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Id. If the movant demonstrated an absence of evidence, the nonmovant may respond in one of two ways:

> First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Second, he or she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

Id. at 1116-17.

### B. Plaintiff's Equal Pay Act Claim

The Equal Pay Act, 29 U.S.C. § 206(d), prohibits sex discrimination in the payment of wages by requiring that employers pay men and women equal pay for equal work. To establish a prima facie case of an Equal Pay Act violation, a plaintiff must show that her "employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077-78 (11th Cir. 2003) (internal quotations and citations omitted). The jobs

need not be identical, only substantially equal. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1533 (11th Cir. 1992). In determining at the prima facie stage whether two jobs require equal skill, the actual jobs are compared, not the individual employees who occupy those jobs. Id. Thus, only the skills and qualifications actually needed to perform the jobs are considered. Id.; Mulhall v. Advance Sec., Inc., 19 F.3d 586, 592 (11th Cir. 1994). Likewise, at this stage, a comparator's prior experience is not relevant. Mulhall, 19 F.3d at 592. The controlling factor is "the actual duties that the respective employees are called upon to perform." Miranda, 975 F.2d at 1533. Job titles and descriptions are not controlling. Arrington v. Cobb County, 139 F.3d 865, 876 (11th Cir. 1998); Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1049 n.12 (5th Cir. 1973).[3] The focus is on the primary duties of the job, rather than duties that are merely incidental or insubstantial. Arrington, 139 F.3d at 876. "The standard for determining whether jobs are equal in terms of skill, effort, and responsibility is high." Waters v. Turner, Wood & Smith Ins. Agency, Inc., 874 F.2d 797, 799 (11th Cir. 1989).

If the employee establishes a prima facie case, the employer "may avoid liability by proving by a preponderance of the evidence that the pay differences are based on '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) ... any other factor other than sex.'" Steger,

---

[3]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

318 F.3d at 1078 (quoting 29 U.S.C. § 206(d)(1)).  Permissible factors other than sex include, for example, an individual's experience, training, or ability, as long as those factors are not used as a pretext for gender discrimination.  Irby v. Bittick, 44 F.3d 949, 955-56 (11th Cir. 1995).  When an employer establishes that there are no genuine issues of material fact regarding the validity of its affirmative defense, the employer is entitled to summary judgment.  See Mulhall, 19 F.3d at, 590-91.

In this case, Defendant, as the moving party, has the initial burden of establishing the absence of a genuine issue of material fact on an essential element of Plaintiff's case.  Defendant has carried this initial burden by pointing to affirmative evidence in the record regarding the different responsibilities of the two positions at issue.  In particular, as the Planning Director, Thomas had the responsibility for three critically important duties that are not substantially equal to any responsibilities of Plaintiff's position.

First, Thomas and his Department were responsible for preparing the Macon Area Transportation Study ("MATS").  (Ryle Aff. ¶ 9.)  The MATS has various components, including, among others, a transportation improvement program, a unified planning work program, a transit facilities plan update, a transit service study, and a vacant land study.  (Id.)  The MATS is required by federal law and is a prerequisite for eligibility for federal transportation funds. (Id.) Plaintiff admitted in her deposition that the MATS constitutes a majority of Thomas's responsibilities.  (Brown

Dep. p. 33-34.)[4]

Second, Thomas was responsible for managing grants received by the Commission. (Ryle Aff. ¶ 10.) This required, among other things, that he develop work programs, formulate tasks, eliminate costs, assign projects, file quarterly progress reports with the funding agency, and file an annual completion report that describes each project conducted under the specific contract. (Id.)

Third, Thomas and his Department were responsible for preparing the "Comprehensive Plan" that is required by the Georgia Planning Act. (Id. ¶ 8.) The Plan has three components: (1) a community assessment; (2) a community participation program; and (3) a community agenda.[5] (Id.) The Plan is a requirement for the City of Macon and Bibb County to maintain "Qualified Local Government" status under the rules of the Georgia Department of Community Affairs. (Id.) This status, in turn, is a requirement for eligibility to receive state grants and permits. (Id.)

Based on these job responsibilities, which constituted a substantial portion of

---

[4]On page 33, Plaintiff states that Thomas "has to handle the—the max function, I guess, is the majority of what that planning staff does, that's the Macon area transportation study." (Brown's Dep. p. 33.) The word "max" appears to be an error. In the context of her entire answer, the "function" Plaintiff appears to be referring to is the MATS.

[5]The exact details of each of these components is recited in Ryle's Affidavit at paragraph 8. The Court need not recite those details here, but the Court notes that Plaintiff has failed to point to anything in the record that demonstrates she performed tasks substantially equal to the tasks involved in preparing the various components of the Comprehensive Plan.

the responsibilities for Thomas's position,[6] the Court finds that Defendant has discharged its initial burden of demonstrating the absence of a genuine issue of material fact on the responsibility element of Plaintiff's prima facie case. The burden now shifts to Plaintiff to demonstrate the existence of a genuine issue of material fact on this essential element of her claim. See Fitzpatrick, 2 F.3d at 1116. Plaintiff has failed to carry this burden.

First, Plaintiff has not adequately rebutted the issue of Thomas's responsibility for the MATS. Plaintiff simply states that the MATS is not mentioned in his job description. Although that may be true, it is not relevant to the issue before the Court because job descriptions are not controlling. See Miranda, 975 F.2d at 1533. The controlling factor is the actual duties that the respective employees are called upon to perform. Importantly, Plaintiff admitted in her own deposition that the MATS constituted a substantial portion of Thomas's responsibilities as Planning Director. Plaintiff has failed to point to anything in the record that demonstrates she performed a function substantially equal to the MATS.

Second, Plaintiff contends that Thomas's responsibility for managing grants should not serve to differentiate the two positions because she manages the Commission's daily receipts for permitting fees. Plaintiff's management of permitting fees is not substantially equal to Thomas's management of the grant process. At best,

---

[6] As noted above, Plaintiff admits that the MATS alone constituted a substantial portion of Thomas's responsibilities.

Plaintiff has demonstrated that she performs a task comparable to Thomas's grant management duties; however, it is well-established that comparable worth claims are not cognizable under the EPA.  Beavers v. American Cast Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992); Alexander v. Chattahoochee Valley Cmty. Coll., 325 F. Supp. 2d 1274, 1294 (M.D. Ala. 2004);  see also County of Washington v. Gunther, 452 U.S. 161, 166 & n.6 (1981) (discussing comparable worth theory).  The EPA requires a showing of a substantial identity of job functions, Hodgson v. Golden Isles Convalescent Homes, Inc., 468 F.2d 1256, 1258 (5th Cir. 1972), and Plaintiff has failed to make this showing.

Third, Plaintiff addresses Thomas's responsibility for the Comprehensive Plan by contending that she is also responsible for insuring that the Commission complies with certain laws and regulations, including Georgia's Zoning Procedures Law, the Records Management Act, and the Open Records Act.  Again, Plaintiff is relying on a comparable worth argument to establish the equality of the two positions.  She has not pointed to anything in the record that demonstrates that Thomas was not responsible for the Comprehensive Plan, or that she had a substantially equal job responsibility.

In sum, Defendant has discharged its initial burden at the summary judgment stage of negating an essential element of Plaintiff's case by pointing to affirmative evidence that demonstrates the two positions at issue did not carry substantially equal responsibilities.  In response, Plaintiff has failed to carry her burden of demonstrating

the existence of a genuine issue of material fact on this essential element of her claim. Plaintiff's reliance on general similarities between the two positions is not sufficient to establish that she and Thomas had substantially equal job duties. The following exchange from Plaintiff's deposition exemplifies her reliance on broad generalities:

> Q: What responsibilities of yours in your position would be similar to those of Mr. Thomas under similar working conditions?
>
> A: We both have to manage the two major functions of the planning and zoning commission. He manages the planning work program and I manage the zoning work program.
>
> Q: Okay. Anything else?
>
> A: We both have to supervise staff.
>
> Q: Okay. Anything else?
>
> A: We have to work well together. This is very much we can't have one without the other. They have to coexist.
>
> A: Okay.
>
> A. That's all I can think of at this time.

(Brown Dep. p. 25.) These types of general comparisons between job duties are simply not sufficient to establish the substantial identity of job functions necessary to sustain a prima facie case for an EPA violation. See Wheatley v. Wicomico County, 390 F.3d 328, 333 (4th Cir. 2004) ("[T]he EPA demands more than a comparison of job functions from a bird's eye view."). Defendant's Motion for Summary Judgment

11

is granted.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

**SO ORDERED**, this the 6th day of July, 2009.

                          *s/   Hugh Lawson*
                          **HUGH LAWSON, Judge**

dhc